UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN L. JEFFERSON,

                    Plaintiff,

- against -

JANE DOE, Corrections Officer,
VINCENT DEMARCO, Sheriff

                    Defendants.

----------------------------------X

AMENDED
MEMORANDUM AND ORDER
08-CV-204(JS)(ARL)

APPEARANCES:
For Plaintiff:    Kevin L. Jefferson, Pro Se
                   Suffolk County Jail
                   110 Center Drive
                   Riverhead, NY 11901

For Defendants:   No Appearance

SEYBERT, District Judge:

      Presently pending before the Court is the Complaint of pro se Plaintiff Kevin L. Jefferson ("Plaintiff") brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed in forma pauperis, and an application for a temporary restraining order and preliminary injunction. Plaintiff alleges that his constitutional rights were violated when Defendants denied Plaintiff access to prisoner grievance forms, and seeks to enjoin Defendants from any future denial of access to the forms.

      For the reasons stated below, Plaintiff's application to proceed in forma pauperis is GRANTED, Plaintiff's application for a temporary restraining order is GRANTED in part and DENIED in part, and Plaintiff's motion for a preliminary injunction is

referred to Magistrate Judge Arlene R. Lindsay.

## BACKGROUND

The incidents Plaintiff complains of occurred at the Suffolk County Correctional Facility, located in Yaphank, New York.[1] Plaintiff alleges that his constitutional rights were violated when Defendant Jane Doe ("Doe") denied him access to prisoner grievance forms on several occasions. On one such incident, occurring on December 7, 2007, Doe allegedly turned off a television that Plaintiff and several other prisoners were watching. Plaintiff inquired as to why the television was turned off but did not receive a direct answer from Doe. Plaintiff alleges that he asked Doe for a grievance form several times to report the incident, but Doe denied his request. In response to the requests, Doe allegedly physically assaulted Plaintiff and placed Plaintiff in a "Sallie-Port" trap.[2] According to Plaintiff, after the incident, several other corrections officers rebuked him for asking for a grievance form, and told him to "watch [himself]", "stay away from [Doe]", and told him that he had "open[ed] up a whole new can of worms" by asking for the grievance form.

## DISCUSSION

I. *In Forma Pauperis Application*

---

[1] Plaintiff is currently incarcerated at a correctional facility located in Riverhead, New York.

[2] Plaintiff was removed from the Sallie-Port trap after approximately ten minutes by a Security Housing Sergeant.

2

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

A. Application Of The Prisoner Litigation Reform Act

The 1996 Prisoner Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se complaint liberally and to construe a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989); Koppel v. 4987 Corp., 167

3

F.3d 125, 127 (2d Cir. 1999).

> Section 1983 provides, in relevant part, that:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

To the extent that Plaintiff attempt to raise claims on behalf of himself, this Court finds that Plaintiff's Complaint is not frivolous or malicious within the meaning of 28 U.S.C. § 1915. Plaintiff alleges that he was denied access to grievance forms on several occasions, in violation of his constitutional right to petition for grievances. These allegations, liberally construed, are sufficient to allow this action to go forward.

To the extent that Plaintiff seeks to bring a class action and assert claims on behalf of third parties, such claims are DISMISSED. It is well settled that a "pro se plaintiff may not

4

act as the representative of a class." Terio v. Johann, No. 05-CV-5918, 2006 U.S. Dist. LEXIS 72083, at *3 n.4 (citing Phillips v. Tobin, 548 F.2d 408, 413-15 (2d Cir. 1976); see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("because pro se means to appear for one's self, a person may not appear on another person's behalf in the others cause"); 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.25[4][c][v] (3d ed. 2003) ("pro se class representative cannot adequately represent the interests of other class members.").

II. Temporary Restraining Order

On January 14, 2008, Plaintiff filed an Order to Show Cause seeking a temporary restraining order and preliminary injunction barring Doe from restricting Plaintiff's access to grievance forms. For the purposes of a temporary restraining order only, the Court finds that Plaintiff has adequately shown (i) irreparable harm absent the restraining order and (ii) "a likelihood of success on the merits." See Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) (citations omitted).

Although the Court will not opine on the actual substance of Plaintiff's underlying grievances, or on whether Defendants actually denied Plaintiff access to grievance forms, the Court does find that Plaintiff has a constitutionally protected right to access grievance forms, and should not be subject to discipline for requesting a grievance form. See Graham v. Henderson, 89 F.3d

75, 80 (2d Cir. 1996) ("Retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983."); Haymes v. Montanye, 547 F.2d 188, 191 (2d Cir. 1976) ("the generous scope of discretion accorded prison authorities also heightens the importance of permitting free and uninhibited access by prisoners to both administrative and judicial forums for the purpose of seeking redress of grievances against state officers."); Fulwood v. Clemmer, 206 F. Supp. 370, 377 (D.D.C. 1962) (punishing petitioner for complaining about prison official "was a violation of his right to seek redress of alleged grievances and [could not] be justified.").

Because Plaintiff has a First Amendment right to seek redress of alleged grievances, denying Plaintiff access to grievance forms violates this constitutional right, and constitutes irreparable harm. See Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992) (holding that plaintiff "sufficiently demonstrated . . . that he may suffer irreparable harm arising from a possible deprivation of his constitutional rights"); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

Plaintiff has also demonstrated a likelihood of success

on the merits. Construing the petition with the balance of hardships tipped in Plaintiff's favor, this Court finds that Plaintiff has demonstrated a constitutional right to access grievance forms, that based on Plaintiff's allegations, this right was violated by Defendant Doe and Doe retaliated against Plaintiff for attempting to exercise this right. Accordingly, Plaintiff's application for a temporary restraining order is GRANTED in part and Defendants are temporarily restrained from denying Plaintiff grievance forms and from punishing Plaintiff for requesting access to such forms. Plaintiff's application for a temporary restraining order on behalf of other inmates is DENIED. To the extent that Plaintiff seeks additional relief by way of the temporary restraining order, such relief is DENIED.

Plaintiff's application for a preliminary injunction is referred to Magistrate Judge Arlene R. Lindsay. Defendants are directed to refer to Magistrate Judge Lindsay upon receipt of this Order.

## CONCLUSION

The Court ORDERS the following.

Plaintiff is granted leave to file the Complaint without prepayment of the $350.00 filing fee or security.

The superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately

preceding this order, in accordance with Plaintiff's statement in his in forma pauperis application annexed hereto.

The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York.

The Clerk of the Court must forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the Defendant without prepayment of fees.

The Clerk must mail a copy of this Order, together with Plaintiff's statement, to the Plaintiff, Sheriff Vincent Demarco, and the superintendent of the facility in which Plaintiff is incarcerated.

Defendants must answer the Complaint. See 42 U.S.C. § 1997e(g).

Defendants are temporarily restrained from denying Plaintiff access to prisoner grievance forms and from punishing Plaintiff for requesting access to such forms or for submitting the grievance forms.

SO ORDERED.
JOANNA SEYBERT
_____
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February 14, 2008

8