```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN L. JEFFERSON,

                Plaintiff,           MEMORANDUM AND ORDER
                                     08-CV-0204(JS)(ARL)
    – against –

JANE DOE, Corrections Officer,
BILL BOE, Corrections Officer,
FRANK FOE, Corrections Sergeant,
MARK MOE, Corrections Sergeant,
CHARLES EWALD, Warden, VINCENT
DEMARCO, Sheriff, SAM SOE,
Corrections Sergeant, MR. VOGAL,
Corrections Officer (#653), WILL
WOE, Corrections Sergeant,
ROBERT H, Deputy Warden (CAO),
THE COUNTY OF SUFFOLK,
THE SUFFOLK COUNTY JAIL,

                Defendants.

----------------------------------X
APPEARANCES:
For Plaintiff:      Kevin L. Jefferson, Pro Se
                    246 Newtown Avenue
                    Riverhead, NY 1190

For Defendants:     Brian C. Mitchell, Esq.
                    Suffolk County Dept. of
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

On January 14, 2008, Kevin L. Jefferson ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that various Suffolk County Officials violated his constitutional rights by restricting Plaintiff's access to prisoner grievance forms. On July 31, 2008, Plaintiff filed a motion to amend his Complaint,

1

which Magistrate Judge Arlene R. Lindsay granted on October 1, 2009.  Pending before the Court is Plaintiff's motion to file a Second Amended Complaint and Judge Lindsay's Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's request for a preliminary injunction.  For the reasons stated below, Plaintiff's motion to amend is GRANTED, and Judge Lindsay's R&R is ADOPTED.

DISCUSSION

I.  Motion to Amend

Similar to his first Amended Complaint, Plaintiff's proposed Second Amended Complaint seeks to add additional instances wherein Plaintiff was allegedly denied access to a prisoner grievance form.  Additionally, Plaintiff wishes to name three new prison officials: "Larry Loe," "Paul Poe," and Sergeant Wyche.

Federal Rule Civil Procedure 15(a) generally governs the amendment of pleadings.  Rule 15(a) provides that

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given as justice so requires.

Fed. R. Civ. P. 15(a); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 259 (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).  Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving

2

party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. <u>Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.</u>, 404 F.3d 566, 603-04 (2d Cir. 2005); <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995).

Here, the Court finds that Plaintiff's amended claim substantially relates to his previous claims, and will not result in any prejudice to Defendants. Thus, the Court will permit Plaintiff to file a Second Amended Complaint alleging other specific instances wherein Plaintiff was denied access to a prisoner grievance form. Additionally, the Court will permit Plaintiff to name three new Defendants.

II. <u>Valentin Order</u>

Plaintiff has named several anonymous Defendants. In <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Second Circuit made clear that a <u>pro se</u> litigant is entitled to assistance from the district court in identifying a defendant. One means of dealing with this problem would be to permit Plaintiff to conduct discovery against the government, to serve interrogatories and document requests in an effort to identify the individuals, and once identified, to ascertain their whereabouts for purposes of service. Then Plaintiff would amend his Complaint and initiate service upon defendants. This process is not only cumbersome for a <u>pro se</u> plaintiff, but it also often does not achieve results.

3

Accordingly, the Court hereby requests that Suffolk County ascertain the full names of the unidentified Defendants that Plaintiff seeks to sue. However, Suffolk County need not undertake to defend or indemnify any of these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in Valentin.

III. Report and Recommendation

On January 14, 2008, Kevin L. Jefferson ("Plaintiff") moved for a temporary restraining order and preliminary injunction barring Defendant Doe, a corrections officer at the Suffolk County Correctional Facility, from restricting Plaintiff's access to prison grievance forms. On February 12, 2008, this Court granted Plaintiff's request for a temporary restraining order, and referred Plaintiff's request for a preliminary injunction to Judge Lindsay.

On February 27, 2008, Judge Lindsay recommended that Plaintiff's request for a preliminary injunction be dismissed as moot since Plaintiff had been released from the Suffolk County Correctional Facility. Plaintiff filed an objection arguing that his request was not moot because he would likely be recommitted to the Suffolk County Correctional Facility. However, Plaintiff has not been recommitted to the Suffolk County Correctional Facility, and is currently at his home in Riverhead (See Docket Entry No. 54). Thus, Plaintiff's request for a preliminary injunction

against the Warden of the Suffolk County Correctional Facility is moot.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend is GRANTED, and Judge Lindsay's Report and Recommendation is ADOPTED. Additionally, the County of Suffolk is hereby requested to produce the information specified above regarding the identities of the anonymous Defendants within thirty days of the issuance of this Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of the Defendants. The Clerk of the Court is directed to substitute the anonymous Defendants with the newly-named Defendants as they are named.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January   8 , 2010
         Central Islip, New York