UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KEVIN L. JEFFERSON, o/b/o himself and
all other similarly situated inmates,

                    Plaintiff,

                                       MEMORANDUM & ORDER
    -against-                            08-CV-0204(JS)(ARL)

JANE DOE, Corrections Officer, VINCENT
DEMARCO, Sheriff, BILL BOE, Corrections
Officer, FRANK FOE, Corrections Sergeant,
MARK MOE, Corrections Sergeant, CHARLES
EWALD, Warden, SAM SOE, Corrections
Sergeant, MR. VOGAL, Corrections
Officer (#653), WILL WOE, Corrections
Sergeant, ROBERT H., Deputy Warden
(CAO), COUNTY OF SUFFOLK, and SUFFOLK
COUNTY JAIL,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:        Kevin L. Jefferson, pro se
                          c/o Beatrice Milton
                          294 Lake Point Drive
                          Middle Island, NY 11953

For Defendant:        Brian C. Mitchell, Esq.
                          Suffolk County Attorney's Office
                          100 Veterans Memorial Highway
                          P.O. Box 6100
                          Hauppauge, NY 11788

SEYBERT, District Judge:

        Pending before the Court are: (1) pro se Plaintiff Kevin Jefferson's ("Plaintiff") request, dated August 1, 2017, seeking an order directing the pro se office to provide him with copies of Defendants Sheriff Vincent DeMarco, Warden Charles Ewald, Corrections Officer Vogal, County of Suffolk, and Suffolk County

Jail's ("Defendants") May 13, 2015 motion to dismiss for failure to prosecute, (Pl.'s Mem., Docket Entry 153, at 5; Defs.' 2015 Mot. to Dismiss, Docket Entry 147); (2) Defendants' August 15, 2017 letter motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute (Defs.' 2017 Mot. to Dismiss, Docket Entry 154); and (3) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's request for copies of Defendants' 2015 motion and grant Defendants' 2017 motion to dismiss (R&R, Docket Entry 157, at 1). For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

On January 14, 2008, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that various Suffolk County officials violated his constitutional rights by restricting his access to prisoner grievance forms and physically assaulting him. (See generally Compl., Docket Entry 1.) Plaintiff filed an Amended Complaint naming the Defendants and additional unidentified defendants on November 20, 2008. (Am. Compl., Docket Entry 48, at 1-2.) On May 13, 2015, Defendants filed a motion to dismiss for failure to prosecute based on Plaintiff's non-compliance with this Court's orders, which the Court denied without prejudice on March 30, 2017, providing "Plaintiff with one final opportunity to show cause why this action should not be dismissed for failure to

prosecute on or before June 1, 2017." (Defs.' 2015 Mot. to Dismiss at 1; Mar. 30, 2017 Electronic Order.) Plaintiff filed a request dated August 1, 2017, asking that the Court direct the pro se office to send him "copies of the relevant pleadings" from Defendants' 2015 motion to dismiss. (Pl.'s Mem. at 4-5.) On August 15, 2017, Defendants filed a renewed motion to dismiss for failure to prosecute based on Plaintiff's continued failure to comply with Court orders. (Defs.' 2017 Mot. to Dismiss at 1.) On August 29, 2017, this Court referred Plaintiff's request and Defendants' 2017 motion to dismiss to Judge Lindsay for a report and recommendation on whether the motions should be granted. (Referral Order, Docket Entry 157.)

## THE R&R

On November 2, 2017, Judge Lindsay issued her R&R recommending that the Court deny Plaintiff's request for copies of Defendants' 2015 motion to dismiss and grant Defendants' 2017 motion to dismiss. (R&R at 1.) She found that "[d]espite being repeatedly advised by both the Court and defense counsel that he was required to comply with court ordered deadlines, Jefferson has [ ] not taken a single significant step to prosecute this action in almost ten years." (R&R at 4.) She also determined that "no sanction less than dismissal will alleviate the prejudice to [D]efendants in keeping the case open to say nothing of the need to alleviate court congestion where the [P]laintiff has ignored

3

almost every order issued by this Court." (R&R at 4.) She concluded that Plaintiff's failures to comply with Court orders warrant dismissal of his case. (R&R at 4.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

For the foregoing reasons, Judge Lindsay's R&R (Docket Entry 157) is ADOPTED in its entirety. Plaintiff's request for copies of Defendants' 2015 motion to dismiss (Docket Entry 153) is DENIED and Defendants' 2017 motion to dismiss this case (Docket Entry 154) is GRANTED. The Clerk of the Court is directed to enter

judgment accordingly and mark the case CLOSED.  The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     November   28  , 2017
           Central Islip, New York